UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lacey Komorowski, | ) | CASE NO. 1:19 CV 1327 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Commissioner of Social Security, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge David A. Ruiz (Doc. 17) recommending that the decision of the Commissioner be affirmed. Plaintiff filed objections to the R&R. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

**FACTS**

The facts and medical evidence are thoroughly set forth in the R&R and need not be repeated herein.

**STANDARD OF REVIEW**

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the case *de novo*. Federal Rule of Civil Procedure 72(b) provides in pertinent part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

**ANALYSIS**

Plaintiff objects to the R&R on two grounds. Each will be addressed in turn.

1. Opinion of the nurse practitioner

Plaintiff argues that the Administrative Law Judge ("ALJ") erred in analyzing the opinion of Ms. McLaughlin, a nurse practitioner. The Magistrate Judge rejected this argument on the grounds that, under the applicable regulations, a nurse practitioner is not an acceptable medical source. In her objections, plaintiff agues that the Sixth Circuit recognizes that an ALJ may consider such an opinion when determining the severity of the impairments and the claimant's ability to function. Plaintiff notes that both the ALJ and Magistrate Judge relied on the fact that plaintiff was able to work full-time for a six-month period, yet the nurse practitioner opined that this period of work exacerbated plaintiff's symptoms. Upon review, the Court rejects plaintiff's objection. As the Magistrate Judge correctly noted, a nurse practitioner is not an acceptable medical source. Nonetheless, the ALJ afforded the opinion "limited weight" and provided reasons why she discounted the opinion. There is no error in this regard.

      2.      Failure to consider post-hearing objection

Plaintiff next objects to the ALJ's failure to discuss her post-hearing objection. At the hearing, the ALJ relied on the testimony of a vocational expert ("VE"). The ALJ elicited testimony from the VE regarding the availability of jobs in the economy that plaintiff is capable of performing given, among other things, plaintiff's reasoning capabilities. The ALJ inquired of the VE whether the VE's testimony was consistent with the Dictionary of Occupational Titles ("DOT"). The VE responded in the affirmative. Plaintiff's counsel then questioned the VE regarding the Specific Vocational Preparation or reasoning level requirements, but did not pursue the questioning any further. After the conclusion of the hearing, counsel wrote a letter to the ALJ arguing that the VE's testimony concerning the reasoning level for certain occupations is not consistent with the DOT. Counsel did not raise this objection at the hearing before the ALJ and the ALJ never addressed it.

The Magistrate Judge recommends that the Court find that he ALJ complied with her duties to analyze the VE's testimony. According to the Magistrate Judge, the Sixth Circuit has held that the ALJ is under no obligation to investigate the accuracy of the VE's testimony beyond the requirements of SSR 00-4p. In addition, the ALJ has no obligation to rule on objections made after the conclusion of the hearing. Because the plaintiff did not object to the purported inconsistency between the VE's testimony and the DOT until after the hearing, the ALJ was not required to address the objection.

According to plaintiff, the ALJ erred in assessing the testimony of the VE because plaintiff asked questions regarding the reasoning requirement of certain jobs cited by the VE. In addition, plaintiff notes that counsel lodged an objection regarding the inconsistency between the

3

VE testimony and the DOT on the same day as the hearing.  Thus, cases where a plaintiff waits to raise the objection until the case is in federal court are distinguishable.

Upon review, the Court finds that plaintiff's objection is not well-taken.  As an initial matter, although plaintiff's counsel questioned the VE about the reasoning requirements for certain jobs, counsel did not elicit any testimony regarding any purported inconsistency with the DOT.  Thus, contrary to plaintiff's argument, the issue was not raised during the hearing.  Further, the Court finds that the fact that counsel wrote to the ALJ later that day to raise the objection does not save plaintiff's case.  The hearing had concluded and the VE was not able to respond to counsel's objections.  There was no error in the ALJ's reliance on the VE's testimony.  Nor is it error for the ALJ to decline to address post-hearing objections made to VE testimony.  *See*, *Robberts v. Commissioner*, 2019 WL 4023549 at *9 (S.D. Ohio Aug. 26, 2019); *Patterson v. Commissioner*, 2019 WL 4237854 at *4 (S.D. Ohio Aug. 2, 2019).  Accordingly, the Court rejects plaintiff's objection.

### **CONCLUSION**

For the foregoing reasons, the Court ACCEPTS the R&R, which is adopted as if fully set forth herein.  The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan  
       PATRICIA A. GAUGHAN  
       United States District Judge  
       Chief Judge

Dated: 7/31/20